IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERTO HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-14-CV-96-MAT |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C of the Local Court Rules of the Western District of Texas. For the reasons below, the Commissioner's decision is AFFIRMED.

I. PROCEDURAL HISTORY

On June 26, 2012, Plaintiff filed applications for DIB and SSI in which he alleged disability since January 1, 2010 due to diabetes, cholesterol, hbp (high blood pressure), dizziness, conf[usion], and "problem with knee." (R. 165-180; 192).[1] After his applications were denied initially and again

---

[1] Reference to the record of administrative proceedings is designated by "(R. [page number(s)])."

upon reconsideration, Plaintiff requested a hearing. (R. 80-85; 98-103, 105-106). On October 7, 2013, Plaintiff appeared with his attorney for a hearing before an administrative law judge ("ALJ"). (R. 30-43). Plaintiff testified at the hearing with the aid of a Spanish language interpreter, and the ALJ called a vocational expert ("VE") to testify. (R. 32, 38-42). Plaintiff's applications for benefits were denied by the ALJ's written decision issued on October 29, 2013. (R. 15-24). On January 14, 2014, the Appeals Council affirmed the ALJ's decision to deny benefits, thereby making it the final decision of the Commissioner. (R. 1-5).

On March 18, 2014, Plaintiff submitted his complaint along with a motion to proceed *in forma pauperis*. (ECF No. 1).[2] On March 20, 2014, Plaintiff's motion to proceed *in forma pauperis* was granted, and his complaint was filed. (ECF Nos. 4 & 5). On May 20, 2014, Defendant filed an answer and a certified copy of the transcript of the administrative proceedings. (ECF Nos. 13 & 15). On May 30, 2014, the District Judge entered an order transferring the case to the undersigned for all proceedings. (ECF No. 17). On August 4, 2014, Plaintiff filed his Brief in Support of Claim. (ECF No. 20). On August 27, 2014, the Brief in Support of the Commissioner's Decision was filed. (ECF No. 21).

## II. BACKGROUND

Plaintiff was born on February 12, 1953, making him 60 years old at the time of the ALJ's decision on October 29, 2013. (R. 24, 165). He attended school in Mexico through the fifth grade. (R. 33, 38). He has past relevant work experience as a construction laborer. (R. 40). Plaintiff testified he can no longer work due to knee pain, back pain, head pain, upset stomach, dizziness, and depression. (R. 34, 36-37).

---

[2] Reference to documents filed in this case is designated by "(ECF No(s). [document entry number(s)])."

III. ISSUE PRESENTED

Plaintiff contends the ALJ committed reversible error by: (1) failing to properly consider the "worn out worker rule"; and, (2) failing to consider Plaintiff's obesity in combination with his other impairments.

IV. DISCUSSION

A. Standard of Review

This Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence on the record as a whole, and whether the proper legal standards were applied in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the Commissioner, the court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner's findings are supported by substantial evidence, they are

conclusive and must be affirmed. *Spellman v. Shalala*, 1 F.3d at 360.

B. Evaluation Process and Burden of Proof

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable physical or mental impairment(s) that is severe; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment(s) listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment(s) prevents the claimant from performing past relevant work; and, (5) whether the impairment(s) prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Id.*

C. The ALJ's Decision

In her written decision, the ALJ determined as a threshold matter that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2014. (R. 17). The ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2010, the alleged

onset date. *Id.* At the next step, the ALJ determined Plaintiff has severe impairments consisting of mild degenerative joint disease, right knee; chronic liver disease; diabetes; high blood pressure; high cholesterol; depression and anxiety. *Id.*

At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-19). Before reaching step four, the ALJ found Plaintiff retains the residual functional capacity [3] ("RFC") to perform heavy work[4], except he can kneel only occasionally; can understand, remember, and carry out only simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with co-workers and supervisors, and respond appropriately to changes in routine work settings; and, is limited to only occasional interaction with the public. (R. 19-21). Based on Plaintiff's RFC, the ALJ found he is not able to perform his past relevant work as a construction laborer which was performed at the very heavy exertional level.[5] (R. 22).

At step five, relying on the testimony of a vocational expert, the ALJ determined there are other jobs that Plaintiff can perform. The ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, he is capable of making a successful adjustment to other work in the national economy, such as farm laborer, heavy general laborer, or livestock yard

---

[3] Residual functional capacity is defined in the regulations as "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a).

[4] Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, he can also do medium, light, and sedentary work. 20 C.F.R. §§ 404.1567(d), 416.967(d).

[5] Very heavy work involves lifting more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more. If someone can do very heavy work, he can also do heavy, medium, light, and sedentary work. 20 C.F.R. §§ 404.1567(e), 416.967(e).

attendant. (R. 22-23). Therefore, the ALJ determined Plaintiff was not disabled. (R. 24).

D. Analysis of Plaintiff's Claim[6]

### 1. No Error Shown in ALJ's Consideration of Plaintiff's RFC

Plaintiff argues the ALJ erred by failing to consider his obesity pursuant to Social Security Ruling ("SSR') 02-01p. Citing a publication by the National Institutes of Health, Plaintiff argues that someone with his body mass index ("BMI"), which ranged from 33.1 to 36.9,[7] has a high risk of developing obesity related impairments. Plaintiff contends the ALJ erred by failing to consider the combined effects of his obesity with his fatigue, depression and anxiety, and degenerative joint disease in the right knee, which may affect his physical and mental ability to sustain work activity.

SSR 02-01p provides guidance for evaluating obesity in disability claims. SSR 02-1p, 2002 WL 34686281, at *1 (2002). Although there is no longer a specific listing for obesity[8], the ruling directs that obesity be considered in determining whether: (1) the individual has a medically determinable impairment; (2) the individual's impairment(s) is severe; (3) the individual's impairment(s) meets or equals the requirements of a listed impairment in the Listings; and, (4) the individual's impairment(s) prevents him from doing past relevant work and other work. *Id.* at *3.

SSR 02-01p reminds ALJs that obesity can cause limitation of function, and its combined

---

[6] As Plaintiff's RFC is a criterion in determining the applicability of the "worn out worker" rule, the Court will address this argument first.

[7] It appears Plaintiff calculated his BMI range based on his self-reported height of 5 feet 9 inches and weights ranging from 224 to 250 pounds. (ECF. No. 20, Pl. Brief, p. 5, n. 1). His treatment records, however, consistently state his height is 71 inches, or 5 feet 11 inches. (R. 231, 234, 237, 243, 247, 251, 254).

[8] On October 25, 1999, obesity (formerly listed at 9.09) was deleted from the Listing of Impairments because it was determined that the criteria in the listing did not represent a degree of functional limitation that would prevent an individual from engaging in any gainful activity. SSR 02-01p, 2002 WL 34686281, at *1.

effects with other impairments (particularly musculoskeletal, respiratory and cardiovascular) may be greater than might be expected without obesity. *Id.* at *5-6. It also states, however, that assumptions are not to be made about the severity or functional effects of obesity combined with other impairments, as obesity may or may not increase the severity or functional limitations of the other impairment. *Id.* at *6. Each case is to be evaluated based on the information in the case record. *Id.*

Plaintiff is correct that the ALJ's written decision does not mention or discuss either his obesity or SSR 02-1p. Any procedural error made in the consideration of Plaintiff's obesity, however, requires remand only when a reviewing court concludes that the error is not harmless. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Id.* "To establish prejudice, a claimant must show that he 'could and would have adduced evidence that might have altered the result.' " *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)).

Plaintiff's treatment records contain references to his obesity, but only as an aggravating factor for diabetes with the recommendation that he exercise and lose weight. (R. 233, 234, 238, 241, 248, 252, 253, 255). Plaintiff does not, however, cite to any obesity-related limitations that were imposed by a physician, and this Court can find none. Plaintiff's treatment records also show he did not complain of or exhibit any anxiety, depression, fatigue, joint pain, or abnormal gait. (R. 231, 234, 236, 237, 239, 240, 242, 243, 246, 248, 250, 252, 254). Thus, Plaintiff has presented no objective medical evidence to support the claim he now makes. Objective medical evidence, at least in part, must corroborate a claimant's subjective complaints. *Wren v. Sullivan*, 925 F.2d 123, 128-29 (5th Cir. 1991).

Importantly, Plaintiff does not explain how his obesity, in combination with his other impairments, actually prevents him from performing the jobs identified by the VE and relied upon by the ALJ at step five. Rather, Plaintiff's argument is couched in terms of how obesity might affect an individual's ability to work. As stated in SSR 02-01p, assumptions **are not** to be made about the severity or functional effects of obesity combined with other impairments, as obesity **may or may not** increase the severity or functional limitations of the other impairment. SSR 02-1p, 2002 WL 34686281, at *5-6 (emphasis added).

The ALJ considered all of Plaintiff's subjective complaints of pain and functional limitations, and determined, based on consideration of the entire case record, that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but his statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (R. 19-22). In reaching this conclusion, the ALJ properly relied on a number of factors relevant to the credibility of Plaintiff's allegations, including the use of over-the-counter ("OTC") pain medication, lack of aggressive treatment and surgical intervention or even referral to a specialist for Plaintiff's right knee, x-rays showing only "mild" degenerative changes, the absence of any doctor-imposed limitations, and a higher level than would be expected for Plaintiff's activities of daily living. *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) (ALJ properly discounted complaints of pain based on use of only OTC pain medication and inconsistencies between claimant's testimony about limitations and her level of daily activity); *see also Castillo v. Barnhart*, 151 Fed. App'x 334, 335 (5th Cir. 1995) (ALJ properly discounted complaints based on conservative treatment, use of only OTC pain medications and level of daily activity).

The ALJ also noted Plaintiff does not take any medication for his alleged mental symptoms, and the consultative examiner stated Plaintiff's cognitive complaints should be viewed with caution.

The ALJ properly concluded these inconsistencies indicated Plaintiff's symptoms and limitations are less severe than alleged. The ALJ's determination that the medical evidence was more persuasive than Plaintiff's own testimony is precisely the kind of determination the ALJ is best positioned to make. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

Plaintiff bears the burden of proof to show he is disabled. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). He neither listed obesity as one of his impairments nor attributed any functional limitations to obesity. The ALJ considered all of the evidence in the record, both subjective and objective in assessing Plaintiff's RFC. Plaintiff does not point to any evidence that would support a finding of prejudice resulting from any alleged error by the ALJ in failing to discuss SSR 02-1p. Importantly, he offers no evidence or explanation regarding how his obesity would prevent him from performing the jobs of farm laborer, heavy general laborer, and livestock yard attendant. Accordingly, Plaintiff has not shown he suffered any prejudice as the result of any alleged procedural error. There is no indication that a discussion of SSR 02-1p "could and would have adduced evidence that might have altered the result." *Brock*, 84 F.3d at 728 (citing *Kane*, 731 F.2d at 1220). The ALJ's determination of Plaintiff's RFC is supported by substantial evidence.

2. "Worn Out Worker" Rule Does Not Apply

Plaintiff contends the ALJ committed legal error by failing to consider the "worn out worker" rule. At the hearing, Plaintiff's counsel argued that Plaintiff met the requirements of the rule based on his marginal education, his 36-year history of performing arduous unskilled physical labor, and his inability "to do any kind of work with his severe impairments." (R. 42). The ALJ stated she would take a close look at that rule. *Id.* Her written decision, however, does not contain any discussion of whether the "worn out worker" rule applies to Plaintiff. In his brief, Plaintiff argues he qualifies for benefits under the rule because he is no longer capable of performing his past work

as a construction laborer. After considering the purpose and plain language of the regulation and the applicable Social Security Ruling[9], the Court finds Plaintiff's argument is without merit.

The "worn out worker" rule is codified at 20 C.F.R. § 404.1562(a) (Title II) and 20 C.F.R. § 416.962(a) (Title XVI), and provides as follows:

> (a) *If you have done only arduous physical labor*. If you have no more than a marginal education (*see* § 404.1564) and work experience of 35 years or more during which you did only arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s) (*see* §§ 404.1520(c), 404.1521, and 404.1523), we will consider you unable to do lighter work, and therefore, disabled.

Generally, consideration of whether a claimant meets the criteria outlined in the worn out worker" rule occurs at step five, before the ALJ considers the Medical-Vocational Guidelines ("the Grids" or "Grid rules"). 20 C.F.R.§§ 404.1520(g)(2), 416.920(g)(2); SSR 82-63, 1982 WL 31390, at *1 (1982). The purpose of the "worn out worker" rule is to make sure that the claims of these workers are not denied by a strict application of the Grid Rules. SSR 82-63, 1982 WL 31390, at *1. If a claimant meets the special criteria of the rule, then he is considered not to have the ability to adjust to other work, and the analysis ends with the claimant being found disabled. *Id.* On the other hand, if the claimant does not meet the criteria of the "worn out worker" rule, the decision maker proceeds to consider the claimant's RFC, age, education, and work experience to see if an adjustment can be made to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

Although arduous work does not refer to a specific exertional level, it is defined as primarily physical work requiring a high level of strength or endurance, and it usually entails demands that are classified as **heavy**. SSR 82-63, 1982 WL 31390, at *3 (1982) (emphasis added). Plaintiff's past relevant work as a construction laborer is classified as **very heavy** unskilled work, both as generally

---

[9] Neither party cited any case law on this issue.

performed and as actually performed by him. (R. 22). It is clear that Plaintiff's past relevant work meets the definition of arduous unskilled physical labor. But this is not enough under the detailed and strict requirements of the rule. It requires Plaintiff to show he is precluded from performing not just his past job, but all arduous unskilled physical labor. To the contrary, the ALJ found Plaintiff retains the RFC to perform jobs that clearly fall within the definition of arduous unskilled physical labor.

Although Plaintiff can no longer perform his past work at the very heavy exertional level, the ALJ determined that Plaintiff retains the RFC to perform heavy work with the following limitations: he can kneel only occasionally; can understand, remember, and carry out only simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with co-workers and supervisors, and respond appropriately to changes in routine work settings; and, is limited to only occasional interaction with the public. The vocational expert identified three unskilled jobs at the heavy exertional level that an individual with Plaintiff's RFC, age, education, and work experience could perform. (R. 40-41). As arduous work usually entails demands that are classified as heavy, the jobs identified by the VE satisfy the definition of arduous unskilled physical labor. SSR 82-63, 1982 WL 31390, at *3. The VE's testimony is substantial evidence to support the finding that Plaintiff can perform other unskilled jobs in the heavy exertional category. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). Thus, Plaintiff can not show he is unable to perform arduous unskilled physical labor, and the "worn out worker" rule is inapplicable to him.

While it would have been preferable for the ALJ to address the applicability of the "worn out worker" rule, which was raised by Plaintiff's counsel at the hearing, her failure to do so did not affect Plaintiff's substantial rights, and he suffered no prejudice as a result. *See Fluharty v. Astrue*, 2008 WL 5188798, at *3-4 (N.D.W.Va. Dec. 10, 2008) (ALJ's failure to consider applicability of "worn

out worker" rule as requested by claimant's counsel was not error requiring remand as rule clearly did not apply to claimant). Accordingly, any procedural error on this ground is harmless. *See Mays*, 837 F.2d at1364. As substantial evidence supports the ALJ's decision, it must be affirmed. *Spellman*, 1 F.3d at 360.

## CONCLUSION

It is therefore ORDERED that the decision of the Commissioner be, and it is hereby, AFFIRMED.

SIGNED and ENTERED this **25th** day of March, 2015.

*/s/ Miguel A. Torres*

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE